UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON PRATHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08 C 765 |
| | ) |
| SULZER MEDICA, LTD., SULZER LTD., | ) |
| SULZER MEDICA U.S.A., LTD. and | ) |
| SULZER ORTHOPAEDICS, INC., | ) |
| | ) |
| Defendants. | ) |

### ZIMMER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES

Defendant Zimmer, Inc. ("Zimmer"),[1] responds to the Complaint filed by the plaintiff, Sharon Prather ("Plaintiff"), as follows:

### FIRST DEFENSE

1.   On or about May 7, 2003, Plaintiff Sharon Prather underwent surgery on her left lower extremity, wherein a knee replacement device manufactured by the Defendants was placed into her left lower extremities.

**ANSWER:** Zimmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.   Subsequently, due to the deterioration of the implanted device, Plaintiff underwent a revision surgery on January 4, 2006, wherein the original implanted device had to be removed and replaced.

---

[1] Sulzer Orthopedics, Inc., was a subsidiary of Sulzer Medica, Ltd.  On June 1, 2002, Sulzer Medica, Ltd., began operating under the brand name Centerpulse AG.  In October 2003, Zimmer, Inc., acquired Centerpulse AG.  Zimmer CEP USA Holding Co. (formerly known as Sulzer Medica USA Holding Co., and incorrectly identified as Sulzer Medica USA, Ltd., in the Complaint), is a wholly owned subsidiary of Zimmer, Inc.

**ANSWER:** Zimmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     The original implant device was defective, causing its need for replacement, because of a manufacturing and/or design defect.

**ANSWER:** Zimmer denies the allegations in paragraph 3 of the Complaint.

4.     As a result of the manufacturing and/or design defect, Plaintiff Sharon Prather had to undergo an additional surgery, has suffered pain, disability, incurred medical bills, and lost wages.

**ANSWER:** Zimmer denies the allegations in paragraph 4 of the Complaint.

### SECOND DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused in whole or in part by the conduct of one or more persons or entities for whose conduct Zimmer was not responsible and with whom Zimmer had no legal connection.

### THIRD DEFENSE

Any amount that Plaintiff claims as compensatory damages, if the claims for such amounts are not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.

### FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been the result of intervening and/or superseding causes, and not as a result of Zimmer's acts or omissions.

### FIFTH DEFENSE

Plaintiff cannot recover under the Complaint because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, State of Illinois, or by an agency of the United States or Illinois.

### SIXTH DEFENSE

Plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom Zimmer discharged its duty to warn.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused by misuse of the prosthetic device described in the Complaint ("the Device"), and such misuse could not have been reasonably expected by Zimmer.

### NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by Plaintiff's own negligence or intentional conduct, and her negligence caused or contributed to cause any injuries or expenses she claims.

### TENTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused by modification or alteration of the Device, and such modification or alteration was not reasonably expected by Zimmer.

### ELEVENTH DEFENSE

The Device is a prescription medical product that was neither defective nor unreasonably dangerous. At all times material to this incident, the Device was reasonably safe and fit for its intended use.

### TWELFTH DEFENSE

- 3 -

- 4 -

Plaintiff cannot recover under the Complaint because the Device was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged, and labeled.

**THIRTEENTH DEFENSE**

The Device was neither defective nor unreasonably dangerous because it falls within the "comment k exception" to strict tort liability defined in Section 402A of the Restatement (Second) of Torts.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or part because Plaintiff assumed the risk of injury, and such assumption of the risk contributed in whole or part to Plaintiff's alleged injuries.

**SIXTEENTH DEFENSE**

The Complaint should be dismissed because the Device is a prescription device that falls within Restatement (Third) of Torts: Products Liability § 6.

**SEVENTEENTH DEFENSE**

Plaintiff failed to take reasonable steps to mitigate her damages, if any.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301, et. seq.

**NINETEENTH DEFENSE**

- 5 -

The Device is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the Device for a class of patients, knowing the Device's foreseeable risks and therapeutic benefits.

### TWENTIETH DEFENSE

The Device is a medical device and, thus, is governed by Illinois product liability law.  Zimmer is entitled to all applicable defenses under Illinois product liability law.

### TWENTY-FIRST DEFENSE

The injuries and damages alleged in the Complaint were proximately caused in full or in part by the negligence, fault, or wrongful conduct of nonparties

WHEREFORE, Zimmer demands judgment and the dismissal of Plaintiff's Complaint and all other relief, legal and equitable, to which Zimmer is entitled.

Dated:  February 11, 2008                    Respectfully submitted,

_s/ Kendric M. Cobb_____
Kendric M. Cobb (#6282673)
Grant Y. Lee (#6290026)
Reed Smith, LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: 312-207-1000
Facsimile: 312-207-6400

ATTORNEYS FOR DEFENDANT ZIMMER, INC.

- 6 -

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Zimmer, Inc.'s Answer To Plaintiff's Complaint has been served electronically, on this 11th day of February, 2008, upon the following:

>Thomas J. Popovich
>Law Offices of Thomas J. Popovich
>3416 West Elm Street
>McHenry, IL 60050

      _s/ Kendric M. Cobb_____